**Affirmed and Opinion Filed December 28, 2022**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

#### No. 05-21-00299-CR

**VERONICA GONZALEZ SNOWBALL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 32376CR**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

Appellant Veronica Gonzalez Snowball appeals the revocation of her community supervision and adjudication of guilt for the offense of possession of marijuana in an amount greater than five pounds but less than fifty pounds. Her court-appointed appellate counsel, Peter I. Morgan filed an *Anders*[1] brief and a motion to withdraw as counsel, asserting that no arguable grounds of appeal exist. We agree, grant counsel's motion to withdraw, and affirm the judgment below.

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45 (1967).

In 2018, appellant was indicted for the offense of possession of marijuana in an amount greater than five pounds but less than fifty pounds. She waived her right to a jury trial and pleaded guilty pursuant to a plea-bargain agreement with the State. The trial court accepted the agreement and sentenced her to four years' deferred probation with drug terms, 180 hours of community service, and a $500 fine.

The State filed a motion to revoke appellant's probation in 2019. The trial court denied that motion in 2020 following a hearing.

The State filed a second motion to revoke appellant's probation in 2021. The State alleged appellant violated three conditions of supervision by (1) committing the offense of possession of controlled substance on or about October 16, 2020, (2) committing the offense of possession of drug paraphernalia on the same date, and (3) failing to perform 180 hours of community service and having a remaining balance of 157 hours.

The trial court heard the State's second motion to revoke on March 31, 2021, and April 1, 2021. Appellant pleaded not true to the first two allegations and pleaded true to the third. The State abandoned the first allegation and proceeded on the second and third. One witness testified, and one exhibit was admitted into evidence. After both sides rested, the court found the second and third allegations to be true, adjudicated appellant guilty of the felony offense of possession of marijuana over five pounds and less than fifty pounds, and sentenced her to nine years' confinement in the correctional institutions division of the Texas Department of Criminal Justice.

If court-appointed appellate counsel files an *Anders* brief asserting that no arguable grounds for appeal exist, we must independently examine the record to determine whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744–45. "An appeal is 'wholly frivolous' or 'without merit' when it 'lacks any basis in law or fact.'" *Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.—Dallas 2020, no pet.) (quoting *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988)). Arguments are frivolous if they cannot conceivably persuade the court. *Id.*

According to his brief, counsel concluded no arguable grounds for appeal exist based on his review of appellant's statements and testimony, the trial court's evidentiary rulings, the judgment and sentence, and trial counsel's effectiveness. We have reviewed the record and agree with counsel's assessment.

In his motion to withdraw, counsel stated he was concurrently informing appellant of his motion and sending a letter to appellant which would be provided, and that was provided, to the Court. Counsel's letter informed appellant of her right to review a copy of the record, her right to respond pro se, her right to request an extension of time to respond, and her right to file a petition for discretionary review with the Texas Court of Criminal Appeals if she did not receive the relief she desired. Counsel's letter also provided appellant with instructions on how to request the record from our Court and included a motion she could file for that purpose.

This Court also sent appellant a letter informing her that counsel filed an *Anders* brief and a motion to withdraw. Copies of the brief and motion were

–3–

included with the letter.  This Court informed appellant that she had a right to review the appellate record, to file a pro se response, and to seek discretionary review should the Court find her appeal frivolous.  Appellant did not file a response.

Based on our review of the record, we conclude that appellant's appeal "lacks any basis in law or fact" and is therefore frivolous.  *See Crowe*, 595 S.W.3d at 319. Accordingly, we grant counsel's motion to withdraw, and we affirm the trial court's judgment.

/Ken Molberg/

210299f.u05  
Do Not Publish  
TEX. R. APP. P. 47

KEN MOLBERG  
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VERONICA GONZALEZ
SNOWBALL, Appellant

No. 05-21-00299-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District
Court, Hunt County, Texas
Trial Court Cause No. 32376CR.
Opinion delivered by Justice
Molberg. Justices Reichek and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 28th day of December, 2022.